IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **HASSIN HUBBERT,** | ) | Civil Action No. 7:14-cv-00306 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **RANDAL C. MATHENA, et al.,** | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

Hassin Hubbert, a Virginia inmate proceeding pro se, commenced this action, pursuant to 42 U.S.C. § 1983, against staff of the Red Onion State Prison ("ROSP") and Keen Mountain Correctional Center ("KMCC"). Hubbert filed motions to amend the Complaint and for a temporary restraining order ("TRO"), and this matter is ready for screening, pursuant to 28 U.S.C. § 1915A. After granting the motion to amend, pursuant to Fed. R. Civ. P. 15(a), the court dismisses the action without prejudice for failing to state a claim upon which relief may be granted and denies the motion for a TRO as moot.

I.

Hubbert alleges that defendants lost or confiscated his personal property during his transfer from KMCC to ROSP. Hubbert believes the transfer occurred only because he refused to aid Virginia Department of Corrections ("VDOC") officials with an investigation of a prison gang. Hubbert is also upset about the way prison officials speak to him and the isolating conditions of confinement in segregation at ROSP. Hubbert asks for damages, to be transferred to a lower-level prison, and to have his personal property returned.

II.

The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless."

Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Hubbert fails to describe a violation of a federal right as required by 42 U.S.C. § 1983. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Hubbert does not have a constitutional right to be placed in or avoid a specific security classification, and custodial classifications, like segregation, do not create a major disruption in a prisoner's environment. See, e.g., Sandin v. Conner, 515 U.S. 472, 486-87 (1995). Hubbert's confinement in segregation at ROSP does not exceed a sentence in such an extreme way as to give rise to due process protections of the Fourteenth Amendment. See, e.g., Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; long periods in the cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose a significant hardship). Any effect a stricter classification has on the ability to earn good-time credits is too speculative to constitute a deprivation of a protected liberty interest

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

because Hubbert has no protected liberty interest in earning a specific rate of good conduct time.[2] See, e.g., Luken v. Scott, 71 F.3d 192, 193-94 (5th Cir. 1995); DeBlasio v. Johnson, 128 F. Supp. 2d 315, 329 (E.D. Va. 2000), aff'd, 13 F. App'x 96 (4th Cir. 2001). Consequently, a hearing in compliance with Wolff v. McDonnell, 418 U.S. 539 (1974), was not necessary before the transfer to ROSP.

Hubbert's complaints about the conditions of isolation at ROSP also do not state an Eighth Amendment violation. While the Eighth Amendment protects prisoners from cruel and unusual living conditions, Hubbert is not entitled to relief merely because he has been exposed to uncomfortable, restrictive, or inconvenient conditions of confinement. See Henderson v. Virginia, 2007 U.S. Dist. LEXIS 70207, at *26, 2007 WL 2781722, at *7 (W.D. Va. Sept. 21, 2007) (Conrad, J.). Rather, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Similarly, Hubbert is not entitled to any relief when he fails to allege any facts to suggest that he was exposed to an unreasonable risk of harm by virtue of a defendant's act or omission. See, e.g., Farmer v. Brennan, 511 U.S. 825, 835 (1994); Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

Furthermore, the allegation that defendants confiscated Hubbert's property also does not state any constitutional claim because a meaningful post-deprivation remedy for the loss is available via the Virginia Tort Claims Act. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled in irrelevant part by Daniels v. Williams, 474 U.S.

---

[2] The record makes clear that Hubbert's complaints about the loss of good time credit refer to the reduction in the rate he earns good time credit due to his increased security classification. This reduction in earning level is distinct from, and should not be confused with, the forfeiture of good time credit already accrued. See, e.g., Johnson v. Johnson, 2009 U.S. Dist. LEXIS 64330, at *8-9, 2009 WL 2337994, at *3 (W.D. Va.) (Conrad, J.), aff'd, 353 F. App'x 827 (2009).

3

327, 330-31 (1986); see, e.g., Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985).  Even if defendants violated VDOC policies and procedures, a claim that prison officials have not followed their own independent policies or procedures also does not state a constitutional claim. See, e.g., United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990). "Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Moreover, the Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment and idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. See, e.g., Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989).

### III.

For the foregoing reasons, the court grants the motion to amend and dismisses the Amended Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  Hubbert's motion for a temporary restraining order is denied as moot.

Entered:  August 18, 2014

*/s/ Michael F. Urbanski*
Michael F. Urbanski
United States District Judge